IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARIDA B. RAHMAN,<br>    Plaintiff<br><br>    v.<br><br>FRED WRIGHT,<br>    Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 3:22cv2015<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the Report and Recommendation ("R&R") of Magistrate Judge Joseph F. Saporito, Jr., which recommends dismissing Plaintiff Farida B. Rahman's complaint as frivolous. (Doc. 6). Plaintiff has filed timely objections to the R&R, and the matter is ripe for disposition.

## Background

This case began with the filing of a *pro se* complaint by plaintiff on December 19, 2022. (Doc. 1). Along with the complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*, which the court granted on January 12, 2023. (Doc. 5). The complaint asserts a civil rights action under 42 U.S.C. § 1983 (hereinafter "section 1983") against Defendant Fred Wright, an attorney and the owner of an appellate litigation services company. Evidently, over ten years ago, plaintiff hired defendant to assist her in drafting and filing a petition for a writ of certiorari with the Supreme Court of the United States. See Rahman v. Foster

Twp., 568 U.S. 1090 (2013) (mem.) (denying petition).  Subsequent to the denial of the petition for a writ of certiorari, and due to her dissatisfaction with defendant's litigation services, plaintiff and defendant have been involved in a long-running state court action.  Rahman v. Wright, No. 2015-410 (Luzerne Cty. (Pa.) C.C.P. filed Jan. 15, 2015).  The instant civil rights complaint involves actions defendant took in the state court litigation.   Magistrate Judge Saporito issued an R&R on January 12, 2023, recommending dismissing the instant complaint as frivolous.  Plaintiff filed objections to the R&R, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to section 1983, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

As noted above, the plaintiff filed her complaint *in forma pauperis*. The law provides that the court "shall dismiss [a case filed *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous "where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

**Analysis**

Under 28 U.S.C. § 1915 (e)(2)(B)(i), the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg Cty Pol. Dept., 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The R&R suggests dismissing this action as frivolous as it is premised on a meritless legal theory.

Plaintiff's complaint is a civil rights action filed under section 1983. Section 1983 does not, by its own terms, create substantive rights. Rather, it provides

remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). In pertinent part, section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . ..

42 U.S.C. § 1983. Thus, to properly establish a section 1983 claim, two criteria must be met. First, plaintiff must complain of conduct that has been committed by a person acting under color of state law, that is a state actor. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the complained of conduct must have deprived the plaintiff of rights secured under the Constitution or federal law. Id.

Here, the R&R concludes that the plaintiff fails to meet the first requirement in that the defendant is not a state actor, and therefore, plaintiff's complaint is legally baseless and frivolous. After a careful review, the court agrees.

It is undisputed that the defendant is in fact a private individual who plaintiff hired sometime in the past to help her with drafting a legal filing. Generally, a private individual cannot be held liable under section 1983. A private individual, however, may be liable under section 1983 if his or her conduct is so closely

4

related to governmental conduct that it can be fairly viewed as conduct of the state itself. Mark v. Borough of Hatboro, 51 F.3d 1137, 1142-3 (3d Cir. 1995). Here, however, neither plaintiff's complaint nor her objections suggest such a close connection between defendant's conduct and governmental conduct. The closest connection that can be gleaned from plaintiff's complaint and objections is that the defendant prevailed against her in state court. The defendant is a private individual and the fact that he prevailed against the plaintiff in the state court action does not make him a state actor.

It also appears that the defendant may have represented himself in the state court action. Defendant's status as an attorney in the case likewise is insufficient to raise his status to that of a state actor. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Plaintiff's objections argue that defendant is a state actor because the defendant acted with the help of the state itself. The court is unconvinced. In support of her position, plaintiff cites to a case, she filed in this court which has been dismissed. That case accused the judge presiding over one of her matters in Luzerne County of violating her civil rights. See Rahman v. Pierantoni, 3:22cv1253 (M.D.Pa.). Plaintiff also cites to a transcript of proceedings in state court and a request by the defendant in the state court action that a hearing be rescheduled due to the coronavirus. (See Doc. 8, Pl. Exh. at A. 122, A.125

through A. 135(a)).  A review of these documents reveals that none of them support her claim that defendant is a state actor.  The documents do not demonstrate that anything improper occurred in the state court case or that the defendant and the state had a close connection to each other.  Defendant was a party to the state court action, and one's status as a party or a prevailing party in a state court action does not render one a state actor.

Accordingly, plaintiff's objections will be overruled, the R&R will be adopted and the plaintiff's complaint will be dismissed as frivolous.  An appropriate order follows.

Date  11/29/23

JUDGE JULIA K. MUNLEY
United States District Court